UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAUL CIAMPA, LISA HUNT, DORIS HUNT,

                        Plaintiffs,                    MEMORANDUM AND ORDER

    -against-                                      CV 12-1727 (LDW) (GRB)

LAW OFFICES OF IGOR DODIN, PLLC,

                        Defendant.
----------------------------------------------------------------X
WEXLER, District Judge

      Plaintiffs Paul Ciampa, Lisa Hunt, and Doris Hunt bring this action against the Law Offices of Igor Dodin, PLLC. for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.* Defendant moves to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") or, alternatively, for summary judgment under FRCP 56.[1]

## I. BACKGROUND

      For purposes of this decision, the relevant background can be summarized as follows. On or about June 27, 2005, defendant represented Vlad Sidorenko ("Sidorenko") in a closing on real property in Hewlett, New York (the "Property"). In or about June 2010, Sidorenko, as landlord, rented the Property to plaintiffs. In January

---

[1] Also, in the alternative, defendant requests a "transfer of venue" to this district's Brooklyn court. Because, as discussed herein, the Court agrees with defendant that dismissal is appropriate, the Court need not address defendant's alternative request to "transfer" this action to Brooklyn.

2011, plaintiffs stopped paying the monthly rent, $2,600, owed to Sidorenko. In April 2011, Sidorenko contacted defendant, requesting assistance in recovering unpaid rent from plaintiffs. By letter dated April 15, 2011 (the "April 15 Letter"), defendant demanded that plaintiffs pay the past due to Sidorenko, totaling $10,400.00, and advised that summary proceedings would be commenced if payment was not made within three days from plaintiffs' receipt of the letter.

Subsequently, no rent was paid, and Sidorenko retained attorney Alan Smilowitz, Esq. ("Smilowitz") to commence a non-payment and eviction proceeding. That action was commenced and ultimately settled in the amount of $7,000. Sidorenko also commenced an action against plaintiffs in Kings County Civil Court for physical damage plaintiffs caused to the Property. That action resulted in a judgment for Sidorenko in the amount of $10,800.

Plaintiffs commenced the present action against defendant for alleged violation of the FDCPA based on defendant's April 15 Letter. Plaintiffs allege that defendant is a "debt collector" under the FDCPA, and that defendant violated various provisions of the FDCPA. In particular, plaintiffs allege that the April 15 Letter contained false statements and misrepresentations; was designed to trick plaintiffs; and was harassing, deceptive, and misleading.

Defendant moves to dismiss the action or, alternatively, for summary judgment, primarily arguing that it is not a "debt collector" within the meaning of the FDCPA. In

support of its motion, defendant submits, *inter alia*, an affirmation of its sole attorney, Igor Dodin ("Dodin"). Dodin maintains that his practice primarily consists of transactional work for buyers and sellers of real estate within the state of New York, but that in recent years he has also handled immigration, estate planning and administration, bankruptcy, and personal injury matters. According to Dodin, his firm "neither represents collection clients, nor derives any revenue from this area of practice." Affirmation of Igor Dodin ("Dodin Affirmation") ¶ 4. In this respect, Dodin further maintains, that in 10 years of practice, he has sent only two or three communications for debt collection purposes, "upon personal request of acquaintances or very good clients." Dodin Affirmation ¶ 5. Regarding the present action, Dodin maintains that Sidorenko is a personal acquaintance and that Dodin sent only one communication to plaintiffs, the April 15 Letter, for no fee. Dodin claims that when no response was received from plaintiffs, he referred the matter to attorney Smilowitz.

Given that the parties have completed discovery, and that plaintiffs have had an adequate opportunity to oppose defendant's motion for summary judgment, the Court will address defendant's motion for summary judgment.

## II. DISCUSSION

A. Summary Judgment Standard

To obtain summary judgment under FRCP 56, the party seeking judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir. 1987). The burden of showing the absence of a genuine dispute as to any material fact rests on the party seeking summary judgment. *McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir. 1997).

B. "Debt Collector" Under the FDCPA

Under the FDCPA, a "debt collector" is defined as a person either (1) involved "in any business the principal purpose of which is the collection of any debts," or (2) "who regularly collects . . . debts owed . . . another." 15 U.S.C. § 1692a(6). Plaintiffs do not contend that the principal purpose of defendant's business is the collection of debts, but that defendant "regularly" collects debts owed another. As the FDCPA provides, a person can be considered a "debt collector" if he "regularly" renders debt collection services, even if those services are not a principle purpose of his business. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004). Whether a lawyer or law firm "regularly" engages in debt collection activity within the meaning of § 1692a(6) must be "assessed on a case-by-case basis in light of factors bearing on the issue of regularity." *Id.* at 62. In making this determination, the Second

Circuit in *Goldstein* identified certain illustrative factors a court should consider, including:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.

*Id.* at 62-63. The plaintiff "bears the burden of proving the defendant's debt collector status." *Id.* at 60-61.

Upon consideration, in light of the factors identified *Goldstein*, the Court concludes that the evidence is not sufficient to support a finding that defendant is a "debt collector" within the meaning of the FDCPA, particularly given Dodin's claim that in 10 years as a sole practitioner handling real estate and other matters, he has sent only two or three communications for debt collection purposes, and that he neither represents collection clients nor derives any revenue from that area of practice. Plaintiffs are required, in responding to defendant's summary judgment motion, to make a showing sufficient to support a determination that defendant was a "debt collector" at the time it issued the challenged communication. *See Celotex Corp.*, 477 U.S. at 323. Despite having concluded discovery, plaintiffs have not submitted evidence to show a genuine

dispute of material fact as to defendant's debt collector status.  Indeed, rather than challenging Dodin's claim to have engaged in only very limited debt collection activity over a 10-year period, plaintiffs merely argue that whether a lawyer is a "debt collector" under the FDCPA requires a case-by-case determination and that defendant fails to submit evidence to prove "what fraction of his business these [debt collection efforts] account for."  Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion, at 3.  Because there is no genuine dispute of material fact as to whether defendant is a "debt collector" under the FDCPA, defendant's motion for summary judgment is granted.

### III.  CONCLUSION

For the above reasons, defendant's motion for summary judgment is granted.  The Clerk of Court is directed to enter judgment for defendant dismissing the action.

SO ORDERED.

                                              _____/s/_____
                                              LEONARD D. WEXLER
                                              UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       October 4, 2013